## MERRIWETHER versus GARVIN.

The certificate of a presiding Judge, to the record of another State, *that the clerk attesting the record, was clerk at the date of his, the Judge's certificate, and that the attestation was in proper form;* held to be a sufficient compliance with the provisions of the act of Congress regulating the authentication of records.

It is not essential, that the Judge's certificate should state, *that the clerk attesting the record, was clerk, at the date of attestation.*

An action of debt was commenced by Merriwether against the defendant, in the Circuit Court of Tuskaloosa. The cause of action declared on, was the record of a judgment, originally rendered against the defendant in the State of Georgia. Under the plea of *nul tiel record,* the Court below rejected the record, on the ground of its insufficient authentication. It appeared, that the presiding Judge, whose certificate was appended to the record, certified only, that the clerk who attested the same, was clerk, at the date of the certificate, and that his attestation was in due form. The Circuit Court ruled, that the certificate should have shewn, that the clerk attesting the record, was clerk at the date of attestation. Judgment being rendered for the defendant, a writ of error was taken by the plaintiff, to this Court.

STEWART, for Plaintiff,—cited 1 *Starkie,* 154— *Brown* vs. *Adair, July Term,* 1831.

CRABB, *contra.*

By Mr. Justice THORNTON :

This was an action of debt in the Circuit Court of Tuskaloosa county, upon a record of a judgment rendered in the State of Georgia, in favor of the plaintiff in error, who was the plaintiff also in the Court below, against the defendant. The record shews, that issues were joined upon the pleas of *nul tiel record*, and of payment : and that upon the trial of the first issue by the Court, the record declared on, was held to be insufficient, for a defect in its authentication ; which defect was, that the certificate of the presiding Judge, omitted to state, that the clerk who attested the record, was clerk, at the date of his attestation, and certified only, that he was so, at the date of his, the Judge's certificate, and that such attestation was in due form.

That there was error, in rejecting the record for this cause, has been decided in this Court, in the case of *Brown* vs. *Adair*, at July Term, 1831 ; which decision, we still think, contains the just exposition of the act of Congress, regulating the authentication of judicial proceedings. For this, which is the only matter presented to the consideration of the Court, by the assignment of errors, the judgment of the Court below must be reversed, and the cause remanded for further proceedings to be had therein.